This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Lamonta R. McCoy, appeals the decision of the Summit County Court of Common Pleas, which found him guilty of attempted rape.[1] This Court affirms.
 I. {¶ 2} On September 26, 2000, Tonya Murphy, the victim, accompanied appellant to Steve's Motel. Upon arriving at the motel, appellant rented a cabin. According to the victim's testimony, while the two were in the cabin, appellant forced himself on her, penetrating her vagina with his tongue and attempting to penetrate her vagina with his penis. The victim repeatedly pushed appellant away, and after getting into an argument, the two left the motel. Appellant dropped the victim off near her friend's house. Early the next morning, the victim told her mother she had been raped. The victim's mother took her to Children's Hospital to be examined. No physical signs of rape were detected, but the victim's underwear was examined by the Bureau of Criminal Identification and amylase, a component of saliva was found.
 {¶ 3} Detective David Rodgers of the Akron Police Department investigated the incident. After speaking with the victim, Detective Rodgers attempted to contact appellant. Detective Rodgers was able to talk to appellant over the telephone, but appellant refused to come down to the police station because there were outstanding warrants out for him.
 {¶ 4} Appellant was arrested and indicted for one count of rape in violation of R.C. 2907.02(A)(2), one count of intimidation of a witness in violation of R.C. 2921.04(B), and three counts of furnishing alcohol to underage persons in violation of R.C. 4301.69(A). Appellant pled not guilty, and the case proceeded to trial before a jury. The jury found appellant not guilty of rape but guilty of attempted rape. The jury also found appellant not guilty of intimidation of a witness and guilty of furnishing alcohol to minors. The trial court ordered a presentence investigation report.
 {¶ 5} While awaiting his sentencing hearing, appellant filed a motion for a new trial. At the sentencing hearing, the trial court sentenced appellant to five years imprisonment for his conviction on attempted rape and eighteen months on the conviction of furnishing alcohol to minors. The court ordered appellant to serve the sentences concurrently. At the sentencing hearing, appellant withdrew his motion for a new trial.
 {¶ 6} Appellant then filed a petition for post conviction relief alleging ineffective assistance of trial counsel and prosecutorial misconduct. The trial court granted appellant's petition for post conviction relief, finding that appellant's trial counsel had been ineffective. The State appealed the trial court's order granting appellant's motion for post conviction relief to this Court. State v.McCoy, 9th Dist. No. 20656, 2002-Ohio-313. This Court reversed the judgment of the trial court. Id. On March 4, 2002, the trial court re-sentenced appellant to five years imprisonment for attempted rape and eighteen months for furnishing alcohol to minors.
 {¶ 7} On March 21, 2002, appellant filed a motion to revive his petition for postconviction relief/motion for a new trial based on prosecutorial misconduct. The trial court denied appellant's motion.
 {¶ 8} Appellant then timely filed an appeal of his conviction, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR {¶ 9} "THE VERDICT OF THE JURY CONVICTING APPELLANT McCOY OF ATTEMPTED RAPE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND IN VIOLATION OF ART. 1, SECTION 5 OF THE CONSTITUTION OF THE STATE OF OHIO."
 {¶ 10} Appellant argues that his conviction of attempted rape was against the manifest weight of the evidence. This Court disagrees.
 {¶ 11} In reviewing whether a conviction is against the manifest weight of the evidence, this Court must:
 {¶ 12} "[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten
(1986), 33 Ohio App.3d 339, 340.
 {¶ 13} A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue more than it supports the other. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. at 388.
 {¶ 14} Appellant was convicted of attempted rape. In order to commit the offense of attempted rape, an individual must engage in conduct which, if successful, would compel another through force or threat of force to submit to sexual conduct with the offender. R.C.2907.02(A)(2); R.C. 2923.02.
 {¶ 15} A review of the record in this case does not support appellant's contention that the verdict of the jury was manifestly unjust. The victim testified that when appellant stopped at the motel, she told him that she was not going to do anything and appellant replied, "all we're going to do is talk." Once inside the cabin, the victim told appellant repeatedly that she was not going to do anything with him. Appellant pinned the victim down on the bed, took off her belt, pulled her pants down, and moved her panties to the side of her vagina. Appellant then penetrated the victim with his tongue. The victim squeezed her legs together to try to prevent appellant from penetrating her. Appellant then attempted to penetrate the victim's vagina with his penis, but the victim squeezed her legs so tightly that appellant was unable to penetrate her. Appellant and the victim then got into an argument and left the cabin.
 {¶ 16} Appellant testified that only consensual sexual activity took place in the motel room. According to appellant's testimony, he did not attempt any further sexual contact with the victim after performing oral sex on her. Appellant testified that after he performed oral sex on the victim, she wanted to leave and they did.
 {¶ 17} Although appellant presented conflicting testimony, this Court refuses to overturn the verdict because the trial court believed the victim. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." State v. Gilliam, (Aug. 12, 1998), 9th Dist. No. 97CA006757.
 {¶ 18} In addition, appellant argues that his conviction was against the manifest weight of the evidence because there was no physical evidence to corroborate the victim's story. This Court disagrees.
 {¶ 19} Donna Abbott, the nurse practitioner in the Children At Risk Evaluation Center at Children's Hospital who examined the victim, testified that there could be oral penetration of the vagina without any physical evidence of trauma. In addition, Melissa Gerber, a forensic scientist for the Ohio Bureau of Criminal Identification and Investigation testified that amylase, an enzyme found in saliva, was found on the underwear that the victim was wearing when the incident in question occurred. Although there was no physical evidence of rape introduced at trial, it was within the purview of the jury to assess the credibility of the witnesses and to determine whether appellant was guilty of attempted rape. This Court will not overturn a judgment based solely on the fact that the jury preferred one version of the testimony over the other. State v. Gilliam, (Aug. 12, 1998), 9th Dist. No. 97CA006757. The jury was entitled to believe the testimony of the State's witnesses.
 III. {¶ 20} This Court finds no indication that the trial court lost its way and committed a manifest miscarriage of justice in convicting appellant of attempted rape. Therefore, this Court concludes that appellant's conviction was not against the manifest weight of the evidence. The judgment of the trial court is affirmed.
BAIRD, P.J., BATCHELDER, J., CONCUR.
[1] Appellant was also found guilty of furnishing alcohol to minors. He is not appealing that portion of his conviction.